UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK CAIN,

    Plaintiff,

v.

U.S. MARSHAL BRIAN
RINEHART, *et al.*,

    Defendants.
_____/

Civil Action No.: 19-11278
Honorable Matthew F. Leitman
Magistrate Judge Elizabeth A. Stafford

**REPORT AND RECOMMENDATION TO GRANT DEFENDANT
RINEHART'S MOTION TO SET ASIDE DEFAULT [ECF NO. 18]**

**I.    Introduction**

Plaintiff Derrick Cain, proceeding *pro se,* brought this action under 42 U.S.C. § 1983 against Brian Rinehart and unknown U.S. Marshal task force officers. [ECF No. 1].[1] On Cain's request, the clerk of court entered a default on December 18, 2019, and Rinehart moved to set aside the default the same day. [ECF No. 15; ECF No. 17; ECF No. 18].[2] The Court recommends that the default be set aside.

---

[1] The Honorable Matthew F. Leitman referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). [ECF No. 9].

[2] Rinehart also moved for, and the Court granted, a sixty-day extension of time to answer the complaint; his answer is due on February 18, 2020. [ECF No. 14; ECF No. 22].

## II. Analysis

Rinehart moves to set aside the clerk's entry of default under Federal Rule of Civil Procedure 55(c). [ECF No. 18]. He asserts that the default against him was improper because (1) the answering deadline was incorrectly calculated, (2) default is premature, (3) he did not have notice before default was entered, and (4) the motion for default did not comply with the requirements of Rule 55. [*Id.*, PageID.43].

Since Rinehart is an employee of the United States being sued in an individual capacity in connection with his employment, Cain was required to serve both him and the United States attorney, and Rinehart had to answer "within 60 days after service on the United States attorney." Fed. R. Civ. P. 12(a)(3); Fed. R. Civ. P. 4(i)(3). Cain's request for default says that he served Rinehart on September 3, 2019, and he includes a proof of service that is apparently signed by a deputy U.S. Marshal. [ECF No. 15, PageID.35, 36]. But Rinehart says that the U.S. Attorney's Office was not served until October 17, 2019, and he attaches in support a copy of the summons and complaint with a handwritten note on the top right corner of one of the pages. [ECF No. 18, PageID.40; ECF No. 18-1, PageID.46].

If Cain is right that the U.S. Attorney's Office was served on September 3, Rinehart's answer would have been due on November 4, 2019.  If Rinehart is right that the U.S. Attorney's Office was not served until October 17, his answer would have been due on December 16, 2019, meaning that Cain's December 16 request for default would have been premature.  The Court finds that resolution of this factual dispute is unnecessary because, even if Rinehart's answer were late, the default should be set aside.

District courts have the authority to set aside an entry of default on the showing of "good cause."  Fed. R. Civ. P. 55(c).  To determine whether good cause exists, courts consider "(1) [w]hether culpable conduct of the defendant led to the default, (2) [w]hether the defendant has a meritorious defense, and (3) [w]hether the plaintiff will be prejudiced."  *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 324 (6th Cir. 2010) (citation and quotation marks omitted).  The Court must consider all three factors, but denying a Rule 55(c) motion is an abuse of discretion "when a defendant has a meritorious defense and the plaintiff would not be prejudiced."  *Id.*  Courts are "extremely forgiving to the defaulted party and favor a policy of resolving cases on the merits instead of on the basis of procedural missteps," and are accorded "considerable latitude" to set aside a default.

*Id.* at 322 (citation and quotation marks omitted). *See also Tomlinson v. E. Recovery & Remediation Grp., LLC*, No. 15-13606, 2019 WL 1380313, at *2 (E.D. Mich. Mar. 27, 2019) (same).

That considerable latitude should be used to set aside the default here. Even if Rinehart was served in September 2019, as Cain alleges, Cain will suffer no unfair prejudice if this case is resolved on the merits. Cain says that he will suffer prejudice because setting aside the default would prevent "quick resolution of a clear constitutional violation." [ECF No. 21, PageID.66]. But the law does not favor a quick judgment against government officials like Rinehart. Instead, "[q]ualified immunity gives government officials breathing room to make reasonable but mistaken judgments, and protects all but the plainly incompetent or those who knowingly violate the law." *Stanton v. Sims*, 571 U.S. 3, 6 (2013) (citations and quotation marks omitted). The defense of qualified immunity was established because "permitting damages suits against government officials can entail substantial social costs, including the risk that fear of personal monetary liability and harassing litigation will unduly inhibit officials in the discharge of their duties." *Anderson v. Creighton*, 483 U.S. 635, 638 (1987).

4

Rinehart's ability to raise qualified immunity also means that he has a meritorious defense. "Consistent with our permissive stance in setting aside defaults, a defense is meritorious if there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *$22,050.00 U.S. Currency* at 326 (citation and quotation marks omitted). Since qualified immunity "protects all but the plainly incompetent or those who knowingly violate the law," *Stanton,* 571 U.S. at 6 (citations and quotation marks omitted), it is possible that the outcome of this suit will favor Rinehart.

The entry of default should be set aside so that this case can be resolved on the merits.

### III.  Conclusion

The Court **RECOMMENDS** Rinehart's motion to set aside default [ECF No. 18] be **GRANTED**.


Dated: January 22, 2020  　　　　　　　　s/Elizabeth A. Stafford
Detroit, Michigan  　　　　　　　　　　　ELIZABETH A. STAFFORD
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

5

## **NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of 14 days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 22, 2020.

                                            s/Marlena Williams
                                            MARLENA WILLIAMS
                                            Case Manager