UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK CAIN,

    Plaintiff,

v.

                                    Case No. 19-cv-11278
                                    Hon. Matthew F. Leitman

BRIAN RINEHART, *et al.*,

    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S
## MOTION FOR RELIEF FROM JUDGMENT (ECF No. 48)

In this action, Plaintiff Derrick Cain alleges that Defendant Brian Rinehart, an employee of the Wayne County Sheriff's Office who at all relevant times was acting as a deputized member of the United States Marshals Service, violated his (Cain's) constitutional rights and committed several state-law torts when Rinehart entered his home while attempting to locate and effectuate an arrest warrant for Cain's nephew. (*See* Compl., ECF No. 1, PageID.2.) On October 1, 2021, the Court issued an order in which it (1) granted Rinehart summary judgment on Cain's federal claim and (2) granted Rinehart leave to file a second summary judgment motion directed at Cain's state-law claims. (*See* Order, ECF No. 42.)

Cain has now filed a motion for relief from judgment. (*See* Mot., ECF No. 48.) In that motion, he asks the Court to decline supplemental jurisdiction over his

remaining state-law claims. (*See id.*) The Court ordered Rinehart to file a response to the motion (*see* Order, ECF No. 49), and Rinehart did so on February 28, 2022. (*See* Rinehart Resp., ECF No. 50.)

The Court has carefully reviewed Cain's motion and denies it. As Rinehart points out in his response brief, at the time of his interaction with Cain, he was acting as a deputized member of the United States Marshals Service. (*See* Rinehart Decl. at ¶¶ 1-3, ECF No. 43-3, PageID.399.) Thus, because Cain's state-law claims "realt[e] to any act under the color of [a federal] office," Rinehart would have the statutory right to remove Cain's state-law claims back to this forum. 28 U.S.C. § 1442(a)(1). *See also Arizona v. Manypenny*, 451 U.S. 232, 242 (1981) (explaining that "the right of removal [under 28 U.S.C. § 1442(a)] is absolute for conduct performed under color of federal office"). Given that if the Court were to decline supplemental jurisdiction over Cain's state-law claims, those claims would be removed immediately back to this Court, the best and most efficient course of action is to retain supplemental jurisdiction over those claims now.

Accordingly, for the reasons explained above, **IT IS HEREBY ORDERED** that Cain's motion for relief from judgment (ECF No. 48) is **DENIED**. Cain shall respond to Rinehart's motion for summary judgment by no later than **April 11, 2022**.

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated: March 1, 2022

      I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 1, 2022, by electronic means and/or ordinary mail.

                                              s/Holly A. Ryan
                                              Case Manager
                                              (313) 234-5126