UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DERRICK CAIN,<br><br>                Plaintiff,<br><br>v.<br><br>BRIAN RINEHART, *et al.*,<br><br>                Defendants. | Case No. 19-11278<br>Honorable Matthew F. Leitman<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO GRANT
DEFENDANT'S SECOND MOTION FOR SUMMARY JUDGMENT, AND
TO REJECT PLAINTIFF'S REQUEST FOR VOLUNTARY DISMISSAL
OF THE STATE LAW CLAIMS
(ECF NOS. 43, 52)**

**1.**

In May 2016, Wayne County Officer Brian Rinehart led a five-person U.S. Marshal Task Force that searched Plaintiff Derrick Cain's home, looking for Cain's nephew.  ECF No. 1; ECF No. 32-2, PageID.144-145.  In a verified *pro se* complaint, Cain sued Rinehart under 42 U.S.C. § 1983 and Michigan law.  ECF No. 1. The Honorable Matthew F. Leitman granted summary judgment of Cain's § 1983 claims and granted Rinehart leave to file a second summary judgment motion about Cain's state law claims. ECF No. 42.

Rinehart then filed his second summary judgment motion and this Court ordered Cain to respond.[1]  ECF No. 43; ECF No. 44.  Rather than responding, Cain first filed a motion for relief from judgment stating that the Court should decline to exercise supplemental jurisdiction over his state law claims because it dismissed the federal claims.  ECF No. 48.  Judge Leitman denied Cain's motion for relief from judgment because Rinehart "was acting as a deputized member of the United States Marshals Service" and thus "Rinehart would have the statutory right to remove Cain's state-law claims back to this forum."  ECF No. 51, PageID.441 (citing 28 U.S.C. § 1442(a)(1) and *Arizona v. Manypenny*, 451 U.S. 232, 242 (1981)).  Judge Leitman then ordered Cain to respond to Rinehart's motion for summary judgment by April 11, 2022.  *Id.*

But Cain still filed no response to Rinehart's motion for summary judgment.  Instead, Cain filed a notice of "voluntary/involuntary dismissal of state law claims" without prejudice under Federal Rule of Civil Procedure 41.  ECF No. 52.  Because Cain is the moving party seeking to dismiss his own claims, his request is one for voluntary dismissal.  The Court has discretion to grant Cain's request for a voluntary dismissal without prejudice

---

[1] Judge Leitman referred the case to the undersigned to resolve all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 9.

2

"on terms the court considers proper." Rule 41(a)(2). "A Rule 41(a)(2) dismissal may be conditioned on whatever terms the district court deems necessary to offset the prejudice the defendant may suffer from a dismissal without prejudice." *Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc.*, 583 F.3d 948, 954 (6th Cir. 2009).

Here, if Cain's request for voluntary dismissal were approved, he would be permitted to file his remaining claims in state court, requiring Rinehart to remove them back to this forum and re-file his motion for summary judgment of those claims. § 1442(a)(1); *Arizona*, 451 U.S. at 242. Thus, to avoid prejudicing Rinehart with unnecessarily prolonged litigation, this Court should decide whether Rinehart's motion for summary judgment of the state claims should be granted. If the motion should be granted, Rinehart's request for voluntary dismissal should be rejected.

For the reasons below, Rinehart's motion for summary judgment should be granted.

**2.**

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the initial burden of informing the Court

of the basis for its motion and must specify the portions of the record that show the lack of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant satisfies this burden, the burden shifts to the non-moving party to go beyond the pleadings and set forth specific facts showing a genuine issue for trial. *Id*. at 324. The Court must view the factual evidence in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007). But "[t]he failure to present any evidence to counter a well-supported motion for summary judgment alone is grounds for granting the motion." *Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009).

Although Cain filed no response brief, Rinehart still "bears the burden of demonstrating the absence of a genuine issue as to a material fact"; the moving party "must always bear this initial burden regardless if an adverse party fails to respond." *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991).

Rinehart sustains his burden. He notes that he was acting within the scope of his employment during the May 2016 events that gave rise to Cain's complaint. ECF No. 1, PageID.1; ECF No. 43-2. Rinehart is thus immune from common-law tort liability for the actions described in Cain's complaint. 28 U.S.C. § 2679(b)(1); *Osborn v. Haley*, 549 U.S. 225, 229

4

(2007) ("The Federal Employees Liability Reform and Tort Compensation Act of 1988, commonly known as the Westfall Act, accords federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties.").

Cain could have pursued a claim against the United States under the Federal Tort Claims Act (FTCA). 28 U.S.C. § 2674. But Cain first had to present the claim to the United States Marshal Service (USMS) within two years after his claim accrued. 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues."); 28 C.F.R. § 14.2 ("A claim shall be presented to the Federal agency whose activities gave rise to the claim."). A claim accrues under the FTCA "when a plaintiff knows of both the existence and the cause of his injury." *Chomic v. United States*, 377 F.3d 607, 610 (6th Cir. 2004). Thus, Cain's claim accrued in May 2016, when he says that Rinehart violated his rights under state laws.

An associate general counsel for the USMS states in an October 2021 declaration that Cain presented no claim to the USMS. ECF No. 43-4. Thus, Cain is "forever barred" from bringing his May 2016 tort claims against the United States. § 2401(b).

5

As a result, Rinehart's second motion for summary judgment should be granted and Cain's request to voluntarily dismiss his claims without prejudice should be rejected. ECF No. 43; ECF No. 52.

Dated: July 18, 2022

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the

6

same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 18, 2022.

                                       s/Marlena Williams
                                       MARLENA WILLIAMS
                                       Case Manager