UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK CAIN,

    Plaintiff,

v.

BRIAN RINEHART, *et al.*,

    Defendants.

Case No. 19-cv-11278
Hon. Matthew F. Leitman

_____/

**ORDER (1) ADOPTING RECOMMENDED DISPOSITION OF REPORT AND RECOMMENDATION (ECF No. 54), (2) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 43), AND (3) TERMINATING PLAINTIFF'S MOTION TO DETERMINE SUFFICIENCY OF DEFENDANT'S DISCOVERY RESPONSES (ECF No. 53) AS MOOT**

In this action, Plaintiff Derrick Cain alleges that Defendant Brian Rinehart, who at all relevant times was acting as a deputized member of the United States Marshals Service, violated his (Cain's) constitutional rights and committed several state-law torts when Rinehart attempted to effectuate an arrest warrant at Cain's home. (*See* Compl., ECF No. 1, PageID.2.)  On October 1, 2021, the Court issued an order in which it (1) granted Rinehart summary judgment on Cain's federal claim and (2) granted Rinehart leave to file a second summary judgment motion with respect to Cain's state-law claims. (*See* Order, ECF No. 42.)

On October 18, 2021, Rinehart filed a second motion for summary judgment directed at Cain's state-law claims. (*See* Mot., ECF No. 43.) The assigned Magistrate Judge ordered Cain to respond to that motion by November 8, 2021. (*See* Order, ECF No. 44.) He did not do so. Instead, on January 18, 2022, Cain filed a motion for relief from judgment. (*See* Mot., ECF No. 48.) In that motion, Cain asked the Court to decline supplemental jurisdiction over his remaining state-law claims. (*See id.*) On March 1, 2022, the Court denied Cain's motion. (*See* Order, ECF No. 51.) It explained that even if it declined supplemental jurisdiction as Cain requested, "because [those] state-law claims relat[ed] to any act under the color of a federal office, Rinehart would have the statutory right to remove Cain's state-law claims back to this forum." (*Id.*, PageID.441; internal punctuation and citation omitted). Thus, the Court concluded that "the best and most efficient course of action is to retain supplemental jurisdiction over those claims now." (*Id.*)

At the conclusion of the March 1 order, the Court directed Cain to respond to Rinehart's second summary judgment motion by no later than April 11, 2022. (*See id.*) Again, Cain did not respond as directed. Instead, on April 8, 2022, Rinehart filed a request with the Court in which he sought to voluntarily dismiss his state-law

claims without prejudice.[1] (*See* Req., ECF No. 52.) Cain never filed a response to Rinehart's pending summary judgment motion.

On July 18, 2022, the assigned Magistrate Judge issued a Report and Recommendation in which she recommended that the Court (1) deny Cain's request to voluntarily dismiss his state-law claims without prejudice and (2) grant Rinehart's motion for summary judgment (the "R&R"). (*See* R&R, ECF No. 53.) The Magistrate Judge explained that Rinehart was entitled to summary judgment because he is "immune from common-law tort liability for the actions described in Cain's complaint." (*Id.*, PageID.463.) At the conclusion of the R&R, the Magistrate Judge informed the parties that if they wanted to seek review of her recommendation, they needed to file specific objections with the Court within fourteen days. (*See id.*, PageID.467-468.)

Cain has not filed any objections to the R&R. Nor has he contacted the Court to ask for additional time to respond. The failure to object to an R&R releases the Court from its duty to independently review the matter. *See Thomas v. Arn,* 474 U.S. 140, 149 (1985). Likewise, the failure to file objections to an R&R waives any further right to appeal. *See Howard v. Sec'y of Health and Human Servs.,* 932 F.2d

---

[1] Rinehart called this filing a "Voluntary/Involuntary Dismissal of State Law Claims." (Req., ECF No. 52, PageID.443.) But as the Magistrate Judge explained (*see* ECF No. 54, PageID.463-464), under Federal Rule of Civil Procedure 41(a)(2), because Rinehart has filed a motion for summary judgment, Cain cannot voluntarily dismiss his claims without permission of the Court.

505 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Accordingly, because Cain has failed to file any objections to the R&R, and because he has failed to comply with the previous orders of the Court to respond to Rinehart's summary judgment motion, **IT IS HEREBY ORDERED** that the Magistrate Judge's recommended disposition of Rinehart's motion is **ADOPTED**.

**IT IS FURTHER ORDERED** that (1) Cain's request to dismiss his state-law claims without prejudice (ECF No. 52) is **DENIED** and (2) Rinehart's motion for summary judgment (ECF No. 43) is **GRANTED**.[2]

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  September 1, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 1, 2022, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126

---

[2] On March 8, 2022, Cain filed a motion to determine the sufficiency of certain discovery responses Rinehart had provided. (*See* Mot., ECF No. 53.)  Because the Court is granting Rinehart's motion for summary judgment, it **TERMINATES** Cain's discovery motion as moot.